# SHANIES
# LAW OFFICE

World's Tower Building
110 West 40th Street
Tenth Floor NYC 10018
(212) 951-1710 (tel)
(212) 951-1350 (fax)
www.shanieslaw.com

October 27, 2022

*The parties shall appear in Courtroom 18 B on 11/2 at 3pm for a conference.*
*Denise Cote*
*10/28/22*

The Honorable Denise L. Cote
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *Scé v. City of New York* et al., 16-CV-7577 (DLC) (BCM)

Dear Judge Cote:

We write on behalf of Plaintiff Andre Scé, pursuant to Federal Rule of Civil Procedure 37, Local Civil Rule 37.2, and Your Honor's Individual Practice Rules 2.C and 4.J, to request a conference concerning Defendants' failure to produce discoverable documents and information relating to Plaintiff's claims.  We have spoken numerous times with defense counsel to try to resolve these issues, including during telephonic meet-and-confers on September 15, 2022, October 4, 2022, October 17, 2022, October 21, 2022, October 25, 2022, and October 26, 2022.  Although Defendants have repeatedly assured Plaintiff of their intention to comply, Defendants have failed to meet their discovery obligations and produce the outstanding materials.[1]  Given Defendants' continued discovery shortfalls, however, Court intervention is necessary.

Plaintiff first alerted the Court this past summer of Defendants' delinquencies, including, among other things, their failure to respond timely and adequately to Plaintiff's discovery demands.  *See* Pl.'s Letter dated Aug. 30, 2022, ECF No. 166.  As Plaintiff explained in his letter requesting a discovery conference, Defendants waited over a month and a half past the deadline to serve their responses and improperly withheld responsive and relevant materials.  *Id.* at 2.

At the conference on September 2, 2022, then-counsel for Defendants admitted that Defendants have yet to produce numerous discoverable documents.  *See, e.g.,* Tr. dated Sept. 2, 2022, ECF 181, at 13:1-17 (documents related to comparator cases), 19:3-20:24 (documents related to retaliation complaints by Black officers), 21:4-16 (documents related to lawsuits, employer discipline, or other complaints against individual Defendants), 22:19-24:24 (documents related to Plaintiff's potential promotion to lieutenant).  Counsel indicated that he "hoped" by September 7, 2022 to produce the documents or, at the very least, provide an update on the date of production.  *Id.* at 13:12-17, 20:20-24.  The Court ordered Defendants to produce the outstanding responsive materials and instructed both parties to provide by

---

1.   Separately, the parties have made substantial progress in their settlement negotiations, which are ongoing.

Letter to the Honorable Denise L. Cote                                                  October 27, 2022

September 7, 2022 a joint status letter regarding the progress of discovery. *See id.* at 17:13-22, 21:1-3, 29:9-13. The possibility of a need for an extension was foreseen and discussed at the conference, and the Court directed Plaintiff to discuss any such application with Defendants and make any extension request based on Plaintiff's understanding of Defendants' production schedule. *See id.* at 29:14-19.

The parties submitted the joint letter as instructed. In the letter, Defendants informed the Court that following the conference, they produced a five-page document concerning Plaintiff's promotional file with the New York City Police Department (the "NYPD"), but that they were otherwise still locating and reviewing materials for production. Plaintiff indicated that he would promptly review the productions upon receipt and raise any deficiencies first with defense counsel and then, if necessary, with the Court.

Since the September 2nd conference, the parties have been in constant communication about discovery, including in near-weekly email correspondence and six telephonic meet-and-confers. The parties have reached various agreements about the proper parameters of discovery, including, *inter alia*, that all disciplinary matters alleged in the complaint are subject to discovery. Notwithstanding these agreements, Defendants have yet to produce:

1. documents concerning investigations and/or discipline in comparator cases;
2. documents and information concerning any claim, charge, lawsuit, grievance, administrative proceeding, employer discipline, or other complaint brought against any of the individual Defendants alleging retaliation in connection with a complaint of racial discrimination;[2]
3. email or text message communications involving any person of interest, as defined in Plaintiff's discovery requests, concerning (a) Plaintiff or (b) any allegation concerning retaliation by an NYPD employee in connection with a complaint of racial discrimination in the NYPD;
4. documents concerning any internal investigation, disciplinary proceeding, or other employment action involving Plaintiff's alleged (a) creation and/or use of an unauthorized form, (b) computer misuse for viewing traffic cameras, or (c) murder of his grandmother;
5. policies in effect during the relevant period involving (a) the creation and/or modification of forms used within the NYPD or (b) a member of the service's ("MOS") viewing or accessing of an NYPD document concerning a case or investigation to which such MOS was not at the time formally assigned;
6. a key or legend defining the codes and terms used in Plaintiff's promotional file;
7. complete information concerning the identities of all people, other than attorneys, with whom the individual Defendants communicated concerning Plaintiff during the relevant period; or
8. complete information concerning the electronic devices, social media accounts, and email addresses possessed and/or used by the individual Defendants during the relevant period.

Defendants insist that productions are forthcoming but have failed to provide a concrete timeline of when Plaintiff can expect them. Because it is clear, however, that they will not be made before the current discovery deadline of October 28, 2022, the parties timely filed a joint request for an extension of the deadline. *See* Joint Ltr. dated Oct. 24, 2022, ECF No. 183. The Court denied that request. *See* Order dated Oct. 25, 2022, ECF No. 184. Given the number of discoverable materials that have yet to be produced and our inability to conduct depositions before obtaining the relevant documents, Plaintiff respectfully requests a discovery conference to discuss these issues.

Respectfully submitted,

David B. Shanies

---

2. Thus far, in response to Plaintiff's request for these materials, Defendants have produced only documents related to an Equal Employment Opportunity ("EEO") complaint alleging retaliation by Sylvester Ge.